IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO BATTON,

      Plaintiff,                    No. CIV S-11-3084 DAD P

   vs.

McENTIRE et al.,

      Defendants.              <u>ORDER</u>

/

      Plaintiff is a state prisoner inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

      On October 18, 2012 and October 22, 2012, plaintiff filed documents styled "Pitchess Motion." The latter motion is accompanied by a motion for extension of time to file a motion to compel discovery (Doc. No. 24). By the document filed October 18, 2012 (Doc. No. 21), plaintiff states that he is "asking for an [sic] Pitchess Motion."[1] By the motion filed October 22, 2012 (Doc. No. 25), plaintiff seeks production of all complaints of misconduct filed against defendants McEntire and Berg.

---

[1] Plaintiff also includes a request for appointment of counsel in this motion. That request is denied for the reasons set forth herein for the denial of his separately filed motion for appointment of counsel.

1

In relevant part, pursuant to Rule 37 of the Federal Rules of Civil Procedure, a motion to compel discovery is authorized in order to require a party to respond to a discovery request. See Fed. R. Civ. P. 37(a)(3)(B). Plaintiff did not serve any discovery request for the information he seeks from defendants McEntire and Berg prior to filing the instant motions. See Declaration of Wendy Motooka in Support of Defendants' Opposition to Plaintiff's Motion for Extension of Time for Discovery, filed November 8, 2012, at ¶ 3. Pursuant to the discovery and scheduling order filed in this action on June 22, 2012 (Doc. No. 17), all discovery requests were to be served on or before August 13, 2012, and all motions to compel discovery were to be filed and serve on or before October 12, 2012. Plaintiff has made no showing why he could not have timely served a discovery request in this action. For these reasons, plaintiff's motions to compel and for an extension of time to file a discovery motion will be denied.

On October 18, 2012, plaintiff filed a motion for appointment of counsel (Doc. No. 22.) The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances. Accordingly, plaintiff's October 18, 2012 motion for appointment of counsel will be denied.

/////

1  In accordance with the above, IT IS HEREBY ORDERED that:

2  1. Plaintiff's October 18, 2012 motion for discovery (Doc. No. 21) is denied;

3  2. Plaintiff's October 18, 2012 motion for appointment of counsel (Doc. No. 22)
4  is denied;

5  3. Plaintiff's October 22, 2012 motion for extension of time to file a discovery
6  motion (Doc. No. 24) is denied; and

7  4. Plaintiff's October 22, 2012 motion (Doc. No. 25) is denied.

8  DATED: December 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
batt11cv3084.o