IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO BATTON,

       Plaintiff,              No. CIV S-11-3084 DAD P

  vs.

McENTIRE, et al.,               ORDER SETTING
                                   SETTLEMENT CONFERENCE
       Defendants.

                                   February 7, 2013, 1:00 p.m.

_____/

       Plaintiff is a state prisoner proceeding pro se in a civil rights pursuant to 42 U.S.C. § 1983.  This case has been selected by the court for inclusion in the Prisoner Settlement Program. Therefore, this case will be referred to U.S. Magistrate Judge Craig M. Kellison to conduct a settlement conference at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2 on February 7, 2013 at 1:00 p.m.

       A separate order and writ of habeas corpus ad testificandum will issue concurrently with this order.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on February 7, 2013, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #2.

1    2. A representative with full and unlimited authority to negotiate and enter into a

2 binding settlement on defendants' behalf shall attend the settlement conference in person.[1]

3    3. Those in attendance must be prepared to discuss the claims, defenses and

4 damages.  The failure of any counsel, party or authorized person subject to this order to appear in

5 person may result in the imposition of sanctions.  In addition, in the vent of any counsel's or

6 party's failure to comply with the terms of this order, the settlement conference will not proceed

7 and will be reset to another date.

8 DATED: December 13, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD: 13
batt3084.settleorder

---

[1]The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pittman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).